UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CIRCUIT CHECK INC.,

    Plaintiff,

v.                    Case No. 12-C-1211

QxQ INC.,

    Defendant.

# VERDICT

We, the jury in the above-entitled action, unanimously find as follows:

### INVALIDITY

1. Did QXQ prove by clear and convincing evidence that the claims of U.S. Patent Nos. 7,592,796; 7,695,766; and 7,749,566 are invalid for obviousness? Indicate your answer by marking "yes," or "no," beside each claim below.

U.S. 7,592,796

| Claim | Yes | No |
|---|---|---|
| 1 |  | No |
| 2 |  | No |
| 3 |  | No |
| 5 |  | No |
| 6 |  | No |
| 8 |  | No |
| 10 |  | No |
| 11 |  | No |
| 13 |  | No |
| 14 |  | No |

U.S. 7,695,766

| Claim | Yes | No |
|---|---|---|
| 1 | | NO |
| 2 | | NO |
| 3 | | NO |
| 5 | | NO |
| 7 | | NO |
| 8 | | NO |
| 9 | | NO |
| 11 | | NO |
| 12 | | NO |
| 14 | | NO |

U.S. 7,749,566

| Claim | Yes | No |
|---|---|---|
| 1 | | NO |
| 2 | | NO |
| 3 | | NO |
| 5 | | NO |
| 7 | | NO |
| 8 | | NO |
| 9 | | NO |
| 11 | | NO |
| 12 | | NO |

*If you answered "No" for any claim in Question 1, continue to Question 2. If you answered "Yes" for each and every patent claim in Question 1, proceed to the end of this form.*

### WILLFULNESS

2. Did Circuit Check prove by clear and convincing evidence that QXQ's infringement was willful?

   Yes __X__  No _____

*Proceed to Question 3.*

2

# PATENT INFRINGEMENT DAMAGES

## Lost Profits

3. What amount of profits did Circuit Check prove, by a preponderance of the evidence, Circuit Check lost as a result of QXQ's infringing sales?

    $ 1,324,318.00

*Proceed to Question 4.*

## Reasonable Royalty

4. For those infringing sales for which Circuit Check has not proved its entitlement to lost profits, what amount of money did Circuit Check prove, by a preponderance of the evidence, would be the reasonable royalty that would adequately compensate Circuit Check for QXQ's infringement?

    $ 534,688.00

*Your verdict is now complete. Please have your jury foreperson sign and date the verdict form below.*

Dated this 24 day of April, 2014.



Foreman